IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TRACY DARBY,     PLAINTIFF

v.     Civil Action No.: 2:04CV13-WAP-SAA

JO ANNE B. BARNHART,
Commissioner of Social Security,     DEFENDANT

**REPORT AND RECOMMENDATION**

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Tracy Darby for period of disability and disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI of the Social Security Act. Plaintiff applied for DIB and SSI on or about November 15, 2001, and alleged that he became disabled on that date due to back problems resulting from an accident suffered while moving a television at work.[1] The requests were denied, and plaintiff sought review by an administrative law judge ("ALJ"). In an opinion dated October 2, 2003, the ALJ found the plaintiff was not disabled and denied his requests for benefits. (R. 9-18.) On November 20, 2003, the appeals council found no basis for review of the ALJ's decision. (R. 4-6.) The plaintiff now appeals to this court. The parties have not consented to have a magistrate judge conduct all the proceedings in this case, therefore the undersigned submits this report and recommendation to United States District W. Allen Pepper,

---

[1] Plaintiff protectively filed on November 15, 2001, (R. 69), but he originally dated his disability to January 1999 when the injury occurred. (R. 70.) At the hearing before the Administrative Law Judge ("ALJ"), the alleged onset date was amended to November 15, 2001. (R. 152.)

Jr.

The plaintiff was born on November 22, 1967, and he was thirty-five (35) years of age at the time of the hearing before the ALJ in this case.[2] Plaintiff graduated from high school, and he has employment experience as a material handler, forklift operator and route salesman, deliverer and driver. (R. 13.) Plaintiff has consistently maintained that he is disabled due to back problems residual to a failed 1999 surgery for a degenerative disk problem at the L4-L5 level, (R. 74, 99), but at the September 23, 2003 hearing before the ALJ he also testified to disabling pain and depression. (R. 134-37, 145-51.)

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[3] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[4] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[5] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[6] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the

---

[2] An earlier opinion by an ALJ in October 2001 is in the record but is not under review. (R. 27.)

[3] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[4] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[5] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[6] 20 C.F.R. §§ 404.1520, 416.920 (2003).

2

impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[7] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[8] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[9] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[10]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

In the instant case the ALJ concluded plaintiff's lumbar disorder constituted a severe

---

[7] 20 C.F.R. § 404.1520(d), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525, 416.925 (2003).

[8] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[9] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[10] *Muse*, 925 F.2d at 789.

impairment, but neither that impairment nor all plaintiff's conditions in combination met or equaled a listing. (R. 17.) Based primarily upon Dr. Lowe's June 2003 consultative examination of the plaintiff, the ALJ found plaintiff's residual functional capacity allowed him to lift twenty to twenty-five pounds; stand/walk for eight hours in an eight-hour workday and one hour without interruption; sit for eight hours; and occasionally climb, balance, stoop, crouch, kneel and crawl. (R. 16-17.) Based upon this finding, a vocational expert ("VE") testified that plaintiff could return to his past relevant work as a fork lift operator or route deliverer. (R. 155-56.) Accordingly, the ALJ concluded plaintiff was not disabled, (R. 17), and the Appeals Council agreed. (R. 4.)

Plaintiff urges this court to reverse the ALJ's decision because the hypothetical question to the VE did not include all plaintiff's impairments. Specifically, plaintiff claims the ALJ erroneously relied upon Dr. Lowe's consultative examination, although Lowe did not consider plaintiff's depression, disabling pain or the side effects of his pain medication. A VE's testimony, in response to a hypo containing all of plaintiff's impairments, is itself substantial evidence to support the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). However, not only must a hypothetical question include all the plaintiff's impairments, there must also be substantial evidence to support the assumptions the ALJ made in posing the question to the vocational expert. *Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980) (citing *Stubbs v. Matthews*, 554 F.2d 1251 (5th Cir. 1977); *see* Arthur J. Fried, *A Disability Appeal Primer*, 9 SOC. SEC. REP. SERV. 971, 1003 (1985) (citations omitted) ("[W]here one of the hypotheses contained in the hypothetical question does not fit the facts of the case (that is, where there is no substantial evidence in the record to support a finding consistent with the hypotheses)

4

. . . the answer to the question does not constitute substantial evidence to support a finding that the claimant is capable of engaging in substantial gainful activity."). The test in this circuit is whether the hypothetical question "can be said to incorporate reasonably all disabilities of the claimant" and whether "the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question . . . ." *Bowling*, 36 F3d at 436. In electing to use this version of the test, the Fifth Circuit Court of Appeals expressly relied on and quoted an Eighth Circuit decision which held "[u]nless there is record evidence to adequately support [assumptions made by a vocational expert], the opinion expressed by the vocational expert is meaningless." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (second alteration in original); *Morse v. Shalala*, 16 F.3d 865, 874 (8th Cir. 1995) ("There is no medical evidence to support the ALJ's assumptions, and a hypothetical question based solely upon the ALJ's assumptions, without medical corroboration, is devoid of usefulness or meaning.") (citation omitted). Therefore, if substantial evidence does not support each of the hypotheses included in the question to the vocational expert, the expert's response does not provide substantial evidence to support a finding that plaintiff is not disabled.

The ALJ made clear in his opinion that he based his conclusions regarding plaintiff's residual functional capacity on Dr. Lowe's CE, (R. 17), and plaintiff correctly points out that Lowe did not address plaintiff's alleged mental impairment or his pain medication aside from mentioning that plaintiff has been prescribed Celebrex and Soma. However, the court is not persuaded that the ALJ necessarily erred in formulating his hypothetical given the medical evidence of record as a whole. In a November 2001 disability report, plaintiff indicated he took Vioxx, Prozac, Ibuprofen and Doan's Pills, but he expressly stated that he suffered no side

5

effects. (R. 79.) Although there is ample evidence in the record of prescriptions for pain medications, (R. 98, 120-21), there are no complaints to medical sources regarding side effects, so the only evidence to support plaintiff's claim of disabling side effects is his own testimony at the hearing. The ALJ found plaintiff's testimony not fully credible because he made inconsistent representations at the hearing and to Drs. Lowe and Small. For instance, plaintiff presented to Dr. Small with symptoms that were substantially more limiting than at other places in the record, and he made inconsistent claims of "crying spells" and numbness in his leg(s) related to his the back condition. (R. 16.) Dr. Lowe conducted two separate examinations of the plaintiff and concluded both times that plaintiff could perform some sort of employment. (R. 101, 112.) Whereas the undersigned may not have reached the conclusion that plaintiff's pain medications did not cause severely limiting side effects, the ALJ's decision in this respect was supported by substantial evidence.

The court cannot conclude, however, that the ALJ's failure to find plaintiff had a severe mental impairment was supported by substantial evidence. "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). While the medical evidence of record regarding plaintiff's allegation of depression is limited, comprising only a prescription for Prozac by Dr. Smoot in 2001, (R. 98), and Dr. Small's consultative opinion that plaintiff was depressed, anhedonic and experiencing suicidal ideation, (R. 107), it was not the ALJ's province to ignore that evidence absent other contrary medical evidence. An ALJ may not arbitrarily ignore uncontroverted medical evidence. *See Mellon v. Heckler*, 739 F.2d 1382, 1383 (8th Cir. 1984) ("ALJ cannot simply ignore the

6

uncontroverted medical evidence . . . ."); *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir. 1979) (citation omitted); *Bastien v. Califano*, 572 F.2d 908, 912 (2nd Cir. 1978) (citations omitted) ("expert opinions of a treating physician as to the existence of a disability are binding on the factfinder unless contradicted by substantial evidence to the contrary"). If the evidence was insufficient for the ALJ to determine whether plaintiff's mental condition was disabling, the ALJ could have ordered another consultative examination at government expense. 20 C.F.R. §§ 404.1517; 416.917 (2004). Indeed, the ALJ was required to do so if plaintiff "carried his burden of raising 'the requisite suspicion' that the examination is 'necessary' to discharge the ALJ's responsibility to conduct a full inquiry into the facts." *King v. Apfel*, No. CIV.A. 3:99CV73-A, 2000 WL 491902, at *3 (Apr. 3, 2000) (citing 20 C.F.R. §§ 404.1517, 416.917 (1999); *Haywood v. Sullivan*, 888 F.3d 1463, 1472 (5th Cir. 1989)).

In order for an impairment to be "severe," it needs only to "significant limit" plaintiff's physical or mental ability to work, 20 C.F.R. § 404.1520(c). The ALJ's decision not to credit Dr. Small's opinion was based in part upon the fact that the opinion was based upon plaintiff's "subjective presentation" to Dr. Small, (R. 15), and, presumably, not upon objective testing; however, Dr. Lowe, to whom the ALJ gave controlling weight, expressly stated that his diagnoses were not confirmed by objective findings and were based "primarily on the patient's subjective complaints." (R. 115.) In short, it appears that the ALJ treated these two similar circumstances inconsistently. The undersigned finds substantial evidence did not support the ALJ's finding that plaintiff did not have a severe mental impairment and recommends that the Commissioner's decision be reversed and this case remanded for further consideration of plaintiff's mental condition.

The parties are referred to 28 U.S.C. § 636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, this the 6th day of May 2005.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE